UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sue Ann Adams, Patricia J. Pettenger, and Marla K. Snead, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Bancorp, the Benefits Administration Committee, and John/Jane Does 1-5,<br><br>Defendants. | No. 0:22-cv-00509-NEB-LIB |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD
SUPPLEMENTAL REPORT OF IAN H. ALTMAN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs Sue Ann Adams, Patricia J. Pettenger, and Marla K. Snead, by and through their undersigned counsel, hereby move the Court for leave to file the attached Third Supplemental Report of Ian H. Altman ("Third Supplement") in support of their Motion for Class Certification. The Third Supplement provides additional analysis using benefits data produced by Defendants after Plaintiffs' Class Certification Motion was filed, after the close of all fact and expert discovery and less than two weeks before Plaintiffs' Class Certification Reply was due. Mr. Altman did not have sufficient time to prepare this report so that it could be filed with the Class Certification Reply. Because he has now been able to perform this analysis, Plaintiffs seek leave to file the Third Supplement in support of the Class Certification Motion because they believe it could be

helpful to the Court in deciding the Motion *if, and only if,* the Court concludes that the accrued benefit currently calculated by Defendants' expert, Thomas Terry, is correct. To be clear, Plaintiffs believe that Terry conducted the wrong analysis. *See* Class Certification Reply, ECF 132, at 3-10. But the Class should be certified even using Terry's erroneous determination of the accrued benefit.

Plaintiffs conferred with Defendants, and Defendants do not consent to the relief requested herein.

## I. BACKGROUND

Plaintiffs retained actuary Ian H. Altman to provide expert testimony in this action. Plaintiffs served Mr. Altman's report ("Initial Report") on March 18, 2024 and his first supplemental report ("First Supplement") on May 15, 2024. Plaintiffs filed a Motion for Class Certification on September 26, 2024 [ECF 84] with which they filed the Initial Report and the First Supplement.

During discovery, Plaintiffs requested that Defendants produce each putative Class members' "accrued benefit," a request that encompassed any benefits the individual earned under Part A and Part B of the Plan. Needham Decl., ECF 107, ¶ 5. In response, Defendants produced data (the "Class Data") (*id.*), but the data for Part A benefits for participants who earned benefits under the old Firstar plan ("Firstar Part A benefits") did not provide the participants' separate Firstar Part A benefits and Part B benefits (*id.* ¶ 6).

At his deposition, Terry testified that the Plan did not store the accrued benefit that participants earned under the Firstar Plan or participants' total accrued benefit under the Plan (*e.g.*, combining Part A, Part B and Part C). Deposition of Thomas Terry ("Tran.") at

238-239 (excerpted copy at ECF 107-2). However, Terry testified that he was able to recalculate the separate the Firstar Part A and Part B benefits for between 80 and 95% of participants with Firstar benefits. *Id* at 242. Terry testified that he could not recall whether he kept records of his calculations, even though they formed the basis for opinions he offered in the Report. *Id*. But Terry testified that he could replicate the records if he needed to. *Id*. When asked if he would produce the records, Terry testified he would consult with counsel. *Id*. Defense counsel later confirmed that Terry "did not retain" these calculations. Needham Decl., ECF 107, ¶ 11.

Although the period for all discovery ended on October 30, 2024, ECF 100 at 2, in response to the Plaintiffs' Motion to Compel, Defendants finally produced on November 12, 2024, Terry's replication of his workpapers of the separate Firstar Part A benefits and Part B benefits under the label of Second Supplemental Declaration of Thomas S. Terry, F.S.A., E.A., M.A.A.A. [ECF 125].

On November 25, 2024, Plaintiffs filed their Class Certification Reply [ECF 132]. Because the new benefits information was provided so late in the action, Altman did not have sufficient time to perform any analysis with this newly produced information before the Reply was filed. Plaintiffs did, however, file Altman's second supplemental report [ECF 134] with the Reply, in which Altman represented that he could use this new information in his model to calculate the actuarial equivalence of certain participants if the Court considered Terry's analysis of the accrued benefit relevant (which it is not), stating in relevant part:

> To the extent that the actuarial equivalence of early retirement benefits requires analysis of the separate Firstar Part A and Part B accrued benefits

3

rather than the combined accrued benefit under the Plan, and to the extent Defendants' recalculation is accurate, which I have not verified, now that Defendants have recalculated the separate accrued Firstar Part A and Part B benefits, I can use this data in my model to calculate the actuarial equivalence of early retirement benefits of participants with Firstar Part A and Part B benefits.

ECF 134 ¶ 6.

After the Reply was filed, Mr. Altman completed his calculations which are set forth in his Third Supplement, which is attached to the Declaration of Amanda M. Williams as Exhibit A. Plaintiffs served the Third Supplement on Defendants on December 5, 2024. *See* Fed. R. Civ. P. 26(e) (parties obligated to supplement reports in "timely manner" "by the time the party's pretrial disclosures under Rule 26(a)(3) are due"); *FURminator, Inc. v. Munchkin, Inc.*, No. 4:08CV00367 ERW, 2009 WL 3261855, at *1 (E.D. Mo. Oct. 8, 2009) ("Rule 26(e) requires parties to supplement the testimony of their expert witness 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect.'").[1]

Although Defendants object to this Motion, they filed Terry's Second Supplemental Report after the close of discovery and without leave of Court. Had Terry

---

[1] *See also Frosty Treats, Inc. v. Sony Computer Ent. Am., Inc.*, No. 03-0378-CV, 2004 WL 6036049 (W.D. Mo. Feb. 27, 2004) (denying motion to strike supplemental report based on information produced after close of discovery); *United States ex rel. Skibo v. Greer Lab'ys, Inc.*, No. 5:13-CV-110, 2019 WL 1992139, at *4 (W.D.N.C. May 6, 2019) (permitting supplemental report where changes were "based on additional data produced by [defendant] after the close of fact discovery"); *Perez v. First Am. Title Ins. Co.*, 810 F. Supp. 2d 986, 989 (D. Ariz. 2011) (supplemental report was "substantially justified" in light of the significant data produced after deadline); *Qualcomm Inc. v. Broadcom Corp.*, No. 05CV1958, 2006 WL 5201392, at *3 (S.D. Cal. Dec. 14, 2006)(permitting supplemental report where defendant failed "to provide complete, uncorrupted versions of its source code until after the deadline").

not destroyed his workpapers and produced them with his initial report as required by Rule 26, this issue would have been avoided entirely.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant leave for Plaintiffs to file Mr. Altman's Third Supplemental Report on the docket.

Dated: December 5, 2024         Respectfully submitted,

*s/ Amanda M. Williams*
GUSTAFSON GLUEK LLP
Daniel E. Gustafson (#202241)
Amanda M. Williams (#341691)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
awilliams@gustafsongluek.com

IZARD, KINDALL & RAABE LLP
Robert A. Izard (pro hac vice)
Christopher M. Barrett (pro hac vice)
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
rizard@ikrlaw.com
cbarrett@ikrlaw.com

MOTLEY RICE LLC
Douglas P. Needham (pro hac vice)
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Tel: (860) 218-2720
dneedham@motleyrice.com

***Attorneys for Plaintiffs***